# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| JANET MCDANIEL, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:17-CV-00012-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and supplemental security income, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Janet McDaniel filed applications for a period of disability, disability insurance benefits, and supplemental security income on June 10, 2013, alleging she became disabled to work on June 1, 2009. Tr. 227-35, 236-42. Her applications were initially denied on August 16, 2013, and on reconsideration on November 22, 2013. On January 15, 2014, Plaintiff requested an evidentiary hearing before an administrative law judge (ALJ) and a hearing was held on June 2, 2015. Tr. 18. Plaintiff appeared at the hearing with her attorney and testified, as did an impartial vocational expert (VE). Tr. 54. On August 6, 2015 the ALJ issued a written decision denying Plaintiff's claims. Tr. 51-70. Plaintiff sought review of that decision by the Appeals Council on September 21, 2015, but her request was denied on November 29, 2016. Tr. 14-15, 1-6. Plaintiff has exhausted the administrative remedies available to her under the Social Security Act and now seeks judicial review of the Commissioner's final decision denying her applications. This case is ripe for review.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was fifty-one years old when the ALJ issued his decision. She has a ninth-grade education and past work as a dairy helper. Tr. 229, 272, 41. The ALJ conducted the five-step sequential evaluation called for by the regulations to evaluate Plaintiff's claims.

4

Tr. 55; 20 CFR §§ 404.1520(a), 416.920(a). At step two, the ALJ found Plaintiff had the severe impairments of chronic obstructive pulmonary disease, asthma, bronchitis, spinal scoliosis with degenerative disc disease, depression and anxiety, carpal tunnel syndrome, sciatica, and borderline intellectual functioning. Finding 3, Tr. 56-57. Notably, the ALJ did not find that Plaintiff had an intellectual disability impairment (previously known as "mental retardation"). At step three he found that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 57-60. Between steps three and four, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in light work with added exertional, non-exertional, postural, and environmental limitations. Finding 5, Tr. 60-63. At step four, the ALJ determined that Plaintiff's RFC does not permit her to resume past relevant work. Finding 6, Tr. 63. In his step-five analysis, the ALJ accepted the VE's testimony that there are jobs which Plaintiff can perform within her restricted RFC that are available to her in the national economy. Finding 10, Tr. 64. Accordingly, he found Plaintiff not disabled to work. Finding 11, Tr. 65.

## DISCUSSION

Plaintiff asserts that the ALJ erred in not finding that her mental impairments meet or medically equal those listed in § 12.05 of 20 C.F.R. Part 404, Subpart P, Appendix for intellectual disability. Pl.'s Br. 2. However, the ALJ did not find Plaintiff to have a severe impairment of intellectual disability and Plaintiff has not claimed error in the failure to do so. Tr. 56; *see generally* Pl.'s Br. Instead, the ALJ found Plaintiff to have the severe

impairment of borderline intellectual functioning, a disorder separate and distinct from, and mutually exclusive of, intellectual disability. Tr. 56; *Jordan v. Comm'r of Soc. Sec.*, 470 F. App'x 766, 768-69 (11th Cir. 2012). Because no diagnosis exists in the record—from any medical source—that Plaintiff suffers from intellectual disability, and the ALJ did not find intellectual disability to be an impairment, there is no error in his step-three determination that Plaintiff's impairments do not match or medically equal those listed in § 12.05 when considered alone or in combination. 20 C.F.R. Part 404, Subpart P, Appendix 1; *Harris v. Comm'r of Soc. Sec.*, 330 F. App'x 813, 815 (11th Cir. 2009). Plaintiff's single contention of error is without merit and the Commissioner's final decision is affirmed.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 6th day of November, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE